UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WUENDI YURIDIA VALENZUELA VALENZUELA (1), et. al.<br><br>Defendants. | Case No.: 21-cr-02960-GPC<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE MOTION HEARING/ TRIAL SETTING AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** |

Upon the joint motion of the parties (Doc. No. 106), and good cause appearing, the Court GRANTS the parties' joint motion to continue the Motion Hearing/Trial Setting and GRANTS the parties' joint motion to exclude time under the Speedy Trial Act, Title 18 U.S.C. § 3161(h). Accordingly, the Motion Hearing/Trial Setting set for February 14, 2022, at 2:00 p.m. is vacated and continued to May 16, 2022, at 1:30 p.m. The Court makes the following factual findings, which apply to the exclusion of time under the Speedy Trial Act.

There are pending pretrial motions are on file in this case that require a hearing before the Court. Accordingly, the Court continues the pending pretrial motions to the new hearing date and finds valid excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D), from the date of the filing of the first pending pretrial motion (Doc. No. 48) to the date of the new Motion Hearing/Trial Setting scheduled for May 16, 2022. See United States v. Tinklenberg, 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the Speedy Trial Act's exclusion irrespective of whether it

actually causes, or is expected to cause delay in starting a trial.); See also United States v. Medina, 524 F.3d 974, 979 (9th Cir. 2008) (Holding that when a pending discovery motion is "continued until a date certain or the happening of an event certain" a "district court must exclude time while the motion is pending even if the court ultimately does not hold a hearing or rule on the motion.") (citing United States v. Sutter, 340 F.3d 1022, 1029-32 (9th Cir. 2003)); United States v. Van Brandy, 726 F.2d 548, 551 (9th Cir. 1984) ("While [a defendant] had a motion pending during the critical period, any delay attributable to him is equally attributable to all co-defendants[.]") (citing Title 18 U.S.C. § 3161(h)(7); United States v. Davis, 679 F.2d 845, 849-50 (11th Cir.1982)).

Taking into account the exercise of due diligence by defense counsel, the Court finds that the voluminous discovery, the number of defendants in this case (30 charged defendants), the nature of the charges, the security concerns related to confidential informants and cooperating defendants, and the scope of the alleged conspiracy make it unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. Furthermore, the failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation and would result in a miscarriage of justice. Therefore, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(7)(A) and (B) from the date of this order to the new Motion Hearing/Trial Setting scheduled for May 16, 2022, and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. See United States v. Tanh Huu Lam, 251 F.3d 852, 858 (9th Cir.), as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam, 262 F.3d 1033 (9th Cir. 2001) ("[D]eclin[ing] to permit a defendant's interest in a speedy trial to override his attorney's legitimate assessment of the complexity of a case and his corresponding need to prepare" and further noting that "[t]o hold otherwise would risk setting up an irreconcilable conflict with a defendant's right to effective assistance of counsel[.]").

The Court also excludes time in the interest of justice in light of the current pandemic and for the reasons stated in the parties joint motion (Doc. No. 106) and the Order of the Chief Judge No. 63-G (S.D. Cal. Dec. 23, 2021) (Sabraw, C.J.); See also In re Approval of the Judicial Emergency Declared in the S. Dist. of California, 955 F.3d 1135, 1136 (9th Cir. 2020) (Thomas, C.J.); United States v. Olsen, 995 F.3d 683, 695 (9th Cir. 2021) (per curiam) (Holding that the district court "did not cast aside the Sixth Amendment when it entered its emergency orders suspending jury trials based on unprecedented public health and safety concerns."). Even beyond the period of the judicial emergency, the current health emergency including the recent quarantine restrictions imposed by the detention facilities would likely hinder necessary steps the parties would take to meet with witnesses and trial teams, to resolve pretrial disputes between parties, and otherwise adequately prepare for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. For these reasons, the Court excludes time from the date of this order to May 16, 2022, under the interest of justice provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B).

IT IS SO ORDERED.

Dated: February 7, 2022

Hon. Gonzalo P. Curiel
United States District Judge